IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JO-ANN E. MOORE,<br><br>        Plaintiff,<br><br>v.<br><br>LYNN M. CHASE,<br><br>        Defendant. | Case No. 14-CV-2119-DDC-JPO |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Motion to Remand (Doc. 10) filed by Plaintiff Jo-Ann E. Moore. For the reasons explained below, the Court grants Plaintiff Moore's motion.

**I. Factual Background**

In 2008, Jeanne M. Moore created the Jeanne M. Moore Living Trust to distribute her assets upon her death. The Trust named Jeanne M. Moore's four children, including Plaintiff Moore and Defendant Lynn M. Chase, as beneficiaries. Jeanne M. Moore initially appointed herself as the sole Trustee, but provided that Plaintiff Moore and Defendant Chase should replace her as co-Trustees when Jeanne M. Moore became unable to fulfill her duties. Jeanne M. Moore reached that point by October 2010, and Plaintiff Moore and Defendant Chase assumed their roles as co-Trustees pursuant to the terms of the Trust. Jeanne M. Moore died in August of 2013.

On January, 14, 2014, Plaintiff Moore filed a petition in the District Court of Leavenworth County, Kansas, seeking to remove Defendant Chase as trustee and replace her with her brother, Charles C. Moore. Plaintiff Moore also asked the Court to issue an order allowing the Trust to withhold any distributions from Defendant Chase until she repays funds she allegedly

1

owes the Trust.  Defendant Chase filed a notice of removal with this Court on March 14, 2014, arguing that the Court has subject matter jurisdiction over this action based on diversity of citizenship under 28 U.S.C. § 1332.

## II. Discussion

Plaintiff Moore argues that the Court lacks jurisdiction over this action for three reasons: (1) this lawsuit falls under the "probate exception" to federal subject matter jurisdiction; (2) Defendant Chase has not proven the minimum amount in controversy; and (3) Defendant Chase did not timely remove this action.  The Court finds that, though the probate exception does not apply to this case, Defendant Chase has failed to prove that the amount in controversy in the lawsuit exceeds $75,000.

### A. The Probate Exception Does Not Apply

Plaintiff Moore first claims that the Court lacks jurisdiction under the "probate exception" to federal subject matter jurisdiction.  A federal court "has no jurisdiction to probate a will or administer an estate."  *Markham v. Allen*, 326 U.S. 490, 494 (1946).  While district courts have sometimes interpreted the probate exception "to block federal jurisdiction over a range of matters well beyond probate of a will or administration of a decedent's estate," in *Marshall v. Marshall* the Supreme Court clarified its "distinctly limited scope," explaining:

> [W]hen one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*.  Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.  But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

547 U.S. 293, 310-12 (2006).  The *Marshall* court, then, expressly limited the probate exception to situations where the probate court has custody of the property governed by the will or trust in question.  *Id.*; *see Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013) ("As a threshold matter,

the probate exception only applies if the dispute concerns property within the custody of a state court.").

Nothing in the facts provided suggests that the Kansas probate court has custody of the Trust assets. Plaintiff Moore states that "[a]ll of the trust assets are in Leavenworth County and subject to the jurisdiction of that probate court."[1] However, Plaintiff Moore never alleges that the probate court has control over the Trust assets, something that would be unusual, given the nature of a living or inter vivos trust. Assets placed in an inter vivos trust generally avoid probate, since such assets are owned by the trust, not the decedent, and therefore are not part of the decedent's estate. *Curtis*, 704 F.3d at 409. "In other words, because the assets in a living or inter vivos trust are not property of the estate at the time of the decedent's death, having been transferred to the trust years before, the trust is not in the custody of the probate court and as such the probate exception is inapplicable to disputes concerning administration of the trust." *Id*. Because Plaintiff Moore has provided no evidence to justify her assertions that the state court has custody of the Trust assets, the probate exception does not deprive the Court of jurisdiction.

**B. Amount In Controversy**

Plaintiff Moore next argues that the Court lacks subject matter jurisdiction because the amount in controversy in the lawsuit does not exceed $75,000. Defendant Chase asserts that the Court has jurisdiction based on diversity of citizenship. A district court has original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction … may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

---

[1] Doc. 19 at p. 4 (Plaintiff's Reply Memorandum in Support of Motion to Remand).

When a defendant removes a case to federal court on the basis of diversity of citizenship, the burden is on the defendant to prove the amount in controversy. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Under 28 U.S.C. § 1446(c)(2), the general rule is that the amount in controversy is the "sum demanded in good faith in the initial pleading." When a plaintiff demands "nonmonetary relief," a notice of removal may assert the amount in controversy. § 1446(c)(2)(A)(i). The amount asserted by the defendant in the notice of removal may serve as the basis for removal if "the district court finds, by a preponderance of the evidence, that the amount in controversy" exceeds $75,000. § 1446(c)(2)(B).

Plaintiff Moore's petition primarily seeks nonmonetary relief. Plaintiff Moore asks the Court to remove Defendant Chase as co-trustee of the Trust and to appoint her brother, Charles C. Moore, as replacement co-trustee. She also requests an order allowing the trustees to "withhold any distribution to [Defendant Chase] for the unpaid amounts owed to the Trust from [Defendant Chase], plus the costs and expenses of this action."[2] Plaintiff Moore asserts that Defendant Chase owes the Trust $7,800.

In cases that, like this one, seek declaratory and/or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006). The Court found no cases decided in this Circuit that discuss the amount in controversy when a party seeks to remove a trustee. However, several district courts from outside our Circuit have held that where removal of a trustee is sought, the trust corpus over which the trustee exercises control constitutes the amount in controversy. *See Schonland v. Schonland*, No. Civ. 397-CV-558, 1997 WL 695517, at *1 (D. Conn. Oct. 23, 1997) ("Thus, the value of the interest the plaintiff seeks to protect—the trust—by the injunctive relief requested—removal of the trustee—exceed the amount in controversy required for diversi-

---

[2] Doc. 1-1 at p. 4 (Petition).

4

ty jurisdiction."); *Myers v. Burns*, No. 94 C 927, 1994 WL 233651, at *1 (N.D. Ill. May 25, 1994); *Renz v. Carota*, No. 87-CV-487, 1991 WL 165677, at *5 (N.D.N.Y. Aug. 26, 1991) ("Here, plaintiff asserts that the removal claims satisfy the jurisdictional amount because the relief requested is essentially the protection of the 1954 Trusts, which hold a substantial amount of voting and non-voting stock, the value of which is well in excess of $10,000. The court agrees.").

The Third Circuit has taken a different, more restrictive approach. In *In re Corestates Trust Fee Litigation*, the plaintiff sought removal of the trustee bank because of excessive swap fees. 39 F.3d 61, 65 (3d Cir. 1994). The evidence was clear that those fees would not add up to more than the jurisdictional amount. *Id.* at 66. The Third Circuit found that the amount in controversy requirement had not been met, holding that "[t]he mere request for removal of a trustee does not place the entire trust corpus into controversy; instead plaintiffs must seek by way of an injunction projection from an activity which threatens in excess of [the jurisdictional amount] of the trust corpus." *Id.* In other words, under the Third Circuit analysis, the amount in controversy may reach to reach the entire trust corpus, but does not necessarily do so. *See id.*

However, neither approach supports the proposition that the amount in controversy for removal of a trustee could *exceed* the trust corpus. The potential harm caused by being removed as trustee can extend to the full value of the trust assets, but cannot exceed it—the remaining trustees cannot misappropriate or improperly withhold more than the assets in the trust. In short, the damages caused by removing a trustee are capped at the value of the trust.

As a result, regardless of the approach this Court adopts, the amount in controversy here does not satisfy the jurisdictional amount. In her Notice of Removal, Defendant Chase claims that the amount in controversy is $186,418.48, citing to the Trust account's most recent bank

statement that purportedly shows a closing balance of that amount. Defendant Chase attached a copy of the bank statement as Exhibit C. However, as Plaintiff Moore points out in her Motion to Remand, the $186,418.48 amount was the *opening* balance for the period ending January 14, 2014; the Trust account's *closing* balance on January 14, 2014 was $60,261.99. Because the remaining $60,261.99 that constitutes the Trust's corpus does not exceed $75,000, Defendant Chase has not shown that the Court may exercise diversity jurisdiction over this lawsuit.

Defendant Chase tries to bolster her amount in controversy allegations by adding what she calls "counterclaims" to her Notice of Removal—a list of "potential monetary damages" arising from alleged violations of trustee powers by Plaintiff Moore.[3] The additional monetary damages alleged are not "counterclaims" because the Court is not aware of any causes of action that Defendant Chase has asserted against Plaintiff Moore. The Court determines the amount in controversy as of the date of removal. *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970). Because Defendant Chase filed no counterclaims prior to filing her notice of removal, the Court will not consider any counterclaims Defendant Chase may assert in determining the amount in controversy.

In her petition, Plaintiff Moore also asserts that she is entitled to withhold $7,800 from the distribution due Defendant Chase under the Trust, because Defendant Chase misused Trust funds during her tenure as co-Trustee. The sum demanded in good faith is deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). Defendant Chase argues that the amount in controversy presented by this claim is $9,010.80 because Plaintiff Moore alleges several specific unauthorized uses of Trust funds, the sum of which is $9,010.80.[4] However, the Court need not choose which dollar figure to use because Defendant Chase does not reach the minimum juris-

---

[3] Doc. 1 at p. 3 (Notice of Removal).
[4] *See* Doc. 1-1 at p. 3 (Petition).

dictional amount with either one. Even if the Court added the larger value ($9,010.80) to the maximum amount in controversy posed by the removal of Defendant Chase as Trustee ($60,261.99), the total falls below $75,000.

Defendant Chase has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000; therefore the Court lacks subject matter jurisdiction over this action. Because the case is not removable, the Court need not consider Plaintiff Moore's final argument, that Defendant Chase did not remove the lawsuit within the time limit provided by 28 U.S.C. § 1446.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Moore's Motion to Remand (Doc. 10) is granted.

**IT IS SO ORDERED.**

**Dated this 17th day of June, 2014, at Topeka, Kansas**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**